IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRAOL GONFA SEBOKA,

 Petitioner,

v.              No. 1:26-cv-00793-KG-KK

DORA CASTRO, et al.,

 Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Fraol Gonfa Seboka's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7.  Petitioner alleges his detention exceeds the six-month presumptively reasonable period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that his removal is not reasonably foreseeable.  Doc. 1 at 2.  For the reasons below, Petitioner's habeas petition is granted.

## I. *Background*

Petitioner, a native and citizen of Ethiopia, entered the United States without inspection on November 26, 2024.  Docs. 1 at 9, 7 at 3.  United States Border Patrol ("USBP") arrested Petitioner and detained him in Florence, Arizona.  Doc. 7 at 3.  USBP paroled Petitioner on December 17, 2024.  *Id.*

On January 21, 2025, Immigration and Customs Enforcement ("ICE") detained Petitioner in Las Vegas, Nevada.  *Id.*  An immigration judge ordered Petitioner be removed on April 28, 2025, but granted withholding of removal to Ethiopia, finding that Petitioner had a credible fear of persecution.  *Id.*  The order of removal became administratively final on April 29, 2025, after Petitioner withdrew his reservation of appeal.  Doc. 1-9 at 1.  Petitioner has been detained at the

1

Otero County Processing Center in Chaparral, New Mexico, awaiting removal to a third country. Doc. 7 at 3–4.

On August 8, 2025, an ICE agent met with Petitioner to advise him that he would be deported to a third country.  Doc. 7-1 at 3.  Since the meeting, ICE has reviewed Petitioner's case twice—once in October 2025 and again in February 2026—but has not identified a possible destination country.  *Id.*  Petitioner now seeks release from continued detention, arguing that the six-month presumptively reasonable period under *Zadvydas* has expired, and that his removal is not reasonably foreseeable as ICE has not found an alternative country to accept him.  Doc. 1 at 11.  The Government concedes that Petitioner's detention has passed the six-month period but maintains that it is "actively seeking a third country that will accept Petitioner."  Doc. 7 at 7.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).  As relevant here, the "removal period begins" when the removal order "becomes administratively final."  § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*,

533 U.S. at 699.  A six-month detention is presumptively reasonable.  *Id.* at 701.  This presumptively reasonable period does not begin until the noncitizen is detained.  *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) (stating that the presumptively reasonable period under *Zadvydas* :could not have begun until [the petitioner] was detained by ICE"); *see also Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala. 2011) ("*Zadvydas* time" cannot run "while a petitioner is not in custody").  After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 US. at 701.

Under these principles, Petitioner has met his initial burden under *Zadvydas*.  *See id*. Petitioner's removal order became administratively final on April 29, 2025.  Doc. 1-9 at 1. Petitioner has been detained pending removal for a period of eleven months—well beyond the six-month period deemed presumptively reasonable by the Supreme Court.  Petitioner alleges that his removal is not reasonably foreseeable because (1) he cannot be deported to Ethiopia, (2) "ICE has historically managed to remove only a tiny fraction of non-citizens granted withholding" to alternative countries, (3) ICE has not identified any countries that may accept him, nor any timelines in which these countries may render a decision, and (4) deportation to any alternative country would "require additional, lengthy proceedings."  Doc. 1 at 12–13.  Such evidence demonstrates that Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

The Government offers no concrete evidence rebutting Petitioner's showing.  While the Government asserts it is "diligently looking for a third country willing to accept Petitioner," Doc. 7 at 7, it has not shown that it has indeed contacted any third countries.  The Government has not

requested travel documents for Petitioner or offered anything more than general statements concerning its internal processes.  Such generalized statements regarding the likelihood of removal are insufficient to rebut Petitioner's showing of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *see e.g.*, *Ye v. Bondi*, 2025 WL 4034264, at * 5 (W.D. Okla.) (noting that "ICE's internal process lacks sufficient specificity with regard to Petitioner's likelihood of removal"); *Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur.").  Because the Government has not demonstrated that Petitioner will be removed in the reasonably foreseeable future, Petitioner is entitled to release from custody subject to reasonable conditions of supervision.

### III.    Conclusion

The Court grants the Petition for Writ of Habeas Corpus, Doc. 1.  Because the Court grants relief under the INA, it declines to address Petitioner's other claims.

The Government must release Petitioner within seven (7) business days.  The Government is enjoined from redetaining Petitioner unless it provides an individualized bond hearing before an Immigration Judge under § 1226(a).  The Government shall also file a status report within ten (10) business days of this Order confirming that Petitioner has been released.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE
- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4